AO 472 (Rev. 11/16) Order of Detention Pending Trial

United States District Court
Southern District of Texas

**ENTERED**
October 31, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 4:24-mj-472 |
| Tracion Deshon James | ) | |
| *Defendant* | ) | |

# ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☒ Lack of stable employment
☐ Lack of stable residence

☐ Lack of financially responsible sureties
☒ Lack of significant community or family ties to **the charging district**
☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Defendant Tracion Deshon James's risk of non-appearance in the Southern District of Florida merits his detention pending trial. According to the evidence, Defendant engaged in an elaborately planned scheme, with two co-conspirators, to travel from his hometown of Houston to West Palm Beach, Florida, stalk an ATM technician, and steal more than $200,000 in funds when the ATM was serviced. Defendant was not the perpetrator who physically accosted the technician, but rather, served as a getaway driver for the two other individuals who seized the ATM cassettes. Defendant's fingerprints were found on the getaway car, Defendant was captured on video at the nearby shopping center (with the other two perpetrators) immediately after the robbery, and Defendant rented the motel room where they stayed before the robbery. The weight of evidence is strong, and significant maximum term of imprisonment for these offenses creates an incentive for Defendant to avoid his court obligations. Troublingly, too, the fact that the hundreds of thousands in stolen funds have not been located also indicates that Defendant may have the resources to flee.

Defendant has no ties to the charging district, as he went there solely to commit the offense. Notably, courts are divided on whether a defendant's familial ties to a community other than the charging district qualify as "community ties" that could weigh against finding a risk of nonappearance. *Compare, e.g.*, *United States v. Yuen*, 2011 WL 5025134, at *4-5 (S.D. Fla. Oct. 21, 2011) (agreeing with *United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990), and rejecting *United States v. Rivera*, 90 F. Supp. 2d 1338 (S.D. Fla. 1990); concluding that the relevant "community" includes both where the charges were brought and any other community within the United States where the defendant has ties), *with United States v. Alvarez-Lopez*, 2014 WL 2882906, at *3 (M.D. Fla. June 25, 2014) (disagreeing with *Yuen* and *Townsend*). But the undersigned agrees with those decisions holding that the relevant community for this inquiry is that of the district where the charges are pending. *See, e.g.*, *Alverez-Lopez*, 2014 WL 2882906, at *3; *Rivera*, 90 F. Supp. 2d at 1343 (finding that a defendant's ties to the Middle District of Florida failed to rebut a presumption that the defendant posed a flight risk from the Southern District of Florida, where the charges were filed). After all, an individual's risk of non-appearance is logically greater if a defendant has no ties to the district where he is charged, apart from the offense itself. That is the exact circumstance here.

The Court acknowledges Defendant's lack of significant criminal history, coupled with his close family ties to a mother, grandmother, and sibling in Houston. His mother, in particular, testified vehemently that she would carefully supervise Defendant's conduct if he were released. The Court does not doubt her sincerity. But both Defendant's mother and grandmother have significant criminal histories, making them unsuited to serve as third-party custodians. Although Defendant's brother was proposed as an alternative custodian, as he has no criminal history, the brother is only 23 years old—just a few years older than Defendant. There is no indication that the brother has sufficient authority over Defendant to effectively supervise him.

Notably, too, Defendant plainly drifted away from his family members over the past few months, staying here and there with other people, and winding up in trouble. Without a reliable and qualified third-party custodian, there is too great a risk that Defendant would disregard his court obligations, use the illicit funds obtained from the robbery, and make his escape

AO 472 (Rev. 11/16) Order of Detention Pending Trial

to avoid facing the serious criminal charges in Florida.  Accordingly, it is **ORDERED** that Defendant Tracion Deshon James be **DETAINED** pending trial.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: October 30, 2024

_____
United States Magistrate Judge